IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WADE A. CANNON, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No: 3:19-cv-86<br>) |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION, d/b/a AMTRAK, | )<br>) **JURY TRIAL DEMANDED**<br>) |
| **Serve:** National Railroad Passenger<br>Corporation<br>c/o Eleanor D. Acheson<br>1 Massachusetts Avenue, NW<br>Washington, DC 20001 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

### COUNT I
### LOCOMOTIVE INSPECTION ACT

COMES NOW the Plaintiff, WADE A. CANNON (hereinafter referred to as "Plaintiff"), by and through his attorneys, Kujawski & Associates, LLC, and for his Complaint against the Defendant, National Railroad Passenger Corporation, d/b/a AMTRAK (hereinafter referred to as "Defendant Railroad"), states as follows:

1.  That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51 *et. seq.*, and the Locomotive Inspection Act, 49 U.S.C. Section 20701, *et. seq.*, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant Railroad, was and is a corporation controlled, operated and maintained in interstate commerce, engaged in transporting interstate commerce between various states by rail including the states of Illinois and Missouri.

3. That on or about November 30, 2018, or on a date known more certainly to the Defendant Railroad, and at all times mentioned herein, Plaintiff was an employee of the Defendant Railroad and had been for several years prior thereto.

4. That at all times mentioned herein, all or part of the duties of Plaintiff as such an employee furthered interstate commerce conducted by the Defendant Railroad or in some way directly or substantially affected said commerce.

5. That on or about the above-said date, and at all times relevant herein, Plaintiff was employed by the Defendant Railroad as an Engineer and as such, was in the performance of his duties in the Carbondale, Illinois.

6. That on or about November 30, 2018, or on a date known more certainly to the Defendant Railroad, Plaintiff was injured when a defective locomotive door handle gave way causing Plaintiff to fall off the locomotive and down to the ground.

7. That at said time and place, the Defendant Railroad, by and through its agents, servants and employees, violated the Locomotive Inspection Act in that the Defendant Railroad failed to provide Plaintiff with a locomotive and its appurtenances which were in proper condition and safe to operate in the service to which it was put, on its railroad line, by committing one or more of the following acts or omissions in violation of the Act when the locomotive was put in use, to wit:

    (a)    Allowed to be used on its railroad line, a locomotive handle, which was defective and unsafe;

    (b)    Violated 49 C.F.R. Section 229.45 in failing to keep its locomotive free of conditions that endanger the safety of the crew.

8.    That as a result, in whole or in part, of one or more of the above and foregoing violations of the Locomotive Inspection Act, Plaintiff, while in the performance of his duties as a locomotive engineer, and in connection with and in the scope and course of his employment, was caused to become severely injured when a defective locomotive door handle gave way causing Plaintiff to fall off the locomotive and down to the ground, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the body, knees, legs and extremities; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has incurred a past and future permanent loss of earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, WADE A. CANNON, prays judgment against the Defendant, National Railroad Passenger Corporation, d/b/a AMTRAK, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, pre-

judgment interest, post-judgment interest, and all other relief deemed appropriate by this Court.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT II**
**FEDERAL EMPLOYERS' LIABILITY ACT- NEGLIGENCE**

COMES NOW the Plaintiff, WADE A. CANNON, by and through his attorneys, Kujawski & Associates, LLC, and for his Complaint against the Defendant, National Railroad Passenger Corporation, d/b/a AMTRAK (hereinafter referred to as "Defendant Railroad"), states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51 *et. seq.*, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant Railroad was and is a corporation controlled, operated and maintained in interstate commerce, engaged in transporting interstate commerce between various states by rail including the states of Illinois and Missouri.

3. That on or about November 30, 2018, or on a date known more certainly to the Defendant Railroad, and at all times mentioned herein, Plaintiff was an employee of the Defendant Railroad and had been for several years prior thereto.

4. That at all times mentioned herein, all or part of the duties of Plaintiff as such an employee furthered interstate commerce conducted by the Defendant Railroad or in some way directly or substantially affected said commerce.

5. That on or about the above-said date, and at all times relevant herein, Plaintiff was employed by the Defendant Railroad as an Engineer and as such, was in the performance of his duties in the Carbondale, Illinois.

6. That on or about November 30, 2018, or on a date known more certainly to the Defendant Railroad, Plaintiff was injured when a defective locomotive door handle gave way causing Plaintiff to fall off the locomotive and down to the ground.

7. That at said time and place, the Defendant Railroad, by and through its agents, servants and employees, negligently and carelessly committed one or more of the following acts or omissions to wit:

(a) Allowed to be used on its railroad line, a locomotive handle, which was defective and unsafe;

(b) Failed to perform an inspection, which would have revealed a defective handle;

(c) Violated 49 C.F.R. Section 229.45 in failing to keep its locomotive free of conditions that endanger the safety of the crew;

(d) Failed to furnish Plaintiff with a reasonably safe place in which to work;

(e) Failed to provide Plaintiff a place of employment free from hazards that can cause serious bodily harm;

(f) Allowed unsafe practices to become the common practice.

8. That as a result, in whole or in part, of one or more of the above and foregoing acts of negligence or omissions on the part of the Defendant Railroad, the Plaintiff, while in the performance of his duties as a locomotive engineer, and in connection with and in the scope and course of his employment, was caused to

become severely injured when a defective locomotive door handle gave way causing Plaintiff to fall off the locomotive and down to the ground, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the body, knees, legs and extremities; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has incurred a past and future permanent loss of earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, WADE A. CANNON, prays judgment against the Defendant, National Railroad Passenger Corporation, d/b/a AMTRAK, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, pre-judgment interest, post-judgment interest, and all other relief deemed appropriate by this Court.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

**KUJAWSKI & ASSOCIATES, LLC**

By: <u>s/ Zachary A. Pashea</u>
**ZACHARY A. PASHEA, #6313691**
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
Telephone:   (618) 622-3600
Facsimile:    (618) 622-3700
***ATTORNEY FOR PLAINTIFF***