# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WADE A. CANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-86-SMY |
| | ) |
| NATIONAL RAILROAD PASSENGER CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Wade A. Cannon filed a two count First Amended Complaint pursuant to the Federal Employers' Liability Act (the "FELA"). He claims he was injured while employed by Defendant National Railroad Passenger Corporation ("NRPC") when a defective door handle on a locomotive gave way causing him to fall. Cannon alleges NRPC was negligent in allowing defective and unsafe conditions and practices (Count I) and by failing to comply with the Locomotive Inspection Act ("LIA") (Count II). Now pending before the Court is NRPC's Motion to Dismiss Count II for Failure to State a Claim (Doc. 95).

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the

plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

NRPC argues that Cannon cannot state an independent claim pursuant to LIA, 49 U.S.C. §20701, *et seq.*, because such claims are subsumed under the FELA, 45 U.S.C. §51, *et seq*. The FELA provides that "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the . . . employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its . . . equipment." 45 U.S.C. §51. To prevail on a claim under FELA, Cannon must demonstrate the usual requirements of negligence: duty, breach, causation, and damages. *Abernathy v. Eastern Illinois Railroad Company*, 940 F.3d 982, 988 (7th Cir. 2019).

NRPC correctly notes that the LIA does not create an independent basis of liability. However, violations of the LIA are negligence *per se* – a lower standard than that of a typical FELA claim – and its standards can be enforced through private negligence actions. *Ward v. Soo Line Railroad Company*, 901 F.3d 868, 873-4 (7th Cir. 2018).

Because Federal Rule of Civil Procedure 8(d)(2) permits Cannon to assert alternative claims in separate counts, he has not failed to state a cognizable FELA/LIA claim. Accordingly, NRPC's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**
**DATED: March 16, 2020**

**STACI M. YANDLE**
**United States District Judge**